IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KARLA WOOTEN,

    Plaintiff,

vs.                                Case No. 4:08cv583-MP/WCS

WALTER McNEIL, et al.,

    Defendants.

                             /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 6. Plaintiff's amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A and because Plaintiff has not complied with the prior order, doc. 5, this version of the complaint is still deficient.

Plaintiff is incarcerated at Homestead Correctional Institution, in Florida City, Florida. Doc. 6. The Defendants in this case are Florida Department of Corrections' Secretary Walter McNeil, who is in Tallahassee; Warden Porter, at Homestead C.I.; Lt. Green, Officer Morning, Classification Officer Arzu, Captial Love, and Sergeant Joiner, all from Homestead C.I. Doc. 6, pp. 2-3. Plaintiff's claim concerns a disciplinary

hearing in which she contends she was issued a retaliatory disciplinary report and that her due process rights were violated during the hearing.  Doc. 6.

Plaintiff was found guilty of the disciplinary charge and lost gain time as punishment.  A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*.  Id.  Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen.  Id. at 2373.

Heck has been extended and made explicitly applicable in the prison disciplinary setting.  Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  In Edwards v. Balisok, the Supreme Court held that a "conviction" includes a finding of guilty in a prison disciplinary proceeding that results in a loss of gaintime, thus, affecting an inmate's period of incarceration.  117 S. Ct. at 1589.  Therefore, based on Heck, the Court concluded that a claim for money damages resulting from defects in a prison disciplinary hearing which resulted in the loss of gaintime credits is not cognizable under § 1983.  Plaintiff's claims would, if proven, "necessarily imply the invalidity" of her term of imprisonment and, thus, are not cognizable under § 1983.  Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  This case cannot proceed as it would be futile to allow amendment.  Accordingly, this action must be dismissed.

Furthermore, Plaintiff did not use short, separately numbered paragraphs to set forth her claims and supporting facts as required by FED. R. CIV. P. 10(b).  In its present form, the complaint could not be appropriately responded to by the Defendants.  Moreover, the events at issue in this case occurred at Homestead Correctional Institution, which is within the territorial jurisdiction of the Southern District of Florida.  All of the Defendants, except Walter McNeil, are located in Florida City.  This action should have been litigated in the Southern District of Florida rather than in this Court, but there is no reason to transfer an action which has no chance of proceeding.  It is apparent that the only basis for listing Defendant McNeil was to acquire jurisdiction in this Court, the Northern District of Florida.  That may be so because as of the dismissal of this case, Plaintiff now has accrued three "strikes" under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act, which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff previously initiated case 8:08cv2332 in the Middle District of Florida.  That case was dismissed as barred by Heck v. Humphrey, *supra*, and, therefore, failed to state a claim upon which relief could be granted.  The court screened the complained under § 1915A and dismissed it *sua sponte* on November 24, 2008.  In case 8:09cv299, also filed in the Middle District, Plaintiff filed a petition for writ of mandamus.  The court noted that the mandamus relief was not available and that the

court lacked jurisdiction to direct state courts or their judicial officers to act.  Thus, the petition was denied and judgment entered against Plaintiff (as Petitioner) on February 20, 2009.  In case 1:08cv23272, Plaintiff filed a civil rights action against state prison officials and the complaint was dismissed *sua sponte* for failing to state a claim on January 27, 2009.  Thus, those cases, along with this instant case, means Plaintiff has now accumulated three dismissals which count as strikes under § `1915(g).  Pursuant to that statute, Plaintiff is hereby advised that she will no longer be entitled to proceed *in forma pauperis* in the federal courts unless she is under imminent danger of serious physical injury.  Having abused the *in forma pauperis* privilege in the past, Plaintiff will not be permitted to proceed *in forma pauperis* in the future.  Plaintiff will be required hereafter to pay the full amount of the filing fee at the time of case initiation should she pursue any new civil rights action. Plaintiff must also disclose the cases listed above, as well as this case, in all complaints demonstrating that she has had at least three cases dismissed under 28 U.S.C. § 1915(e)(2).

It is therefore, respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2009.

 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**